G-riffith, J.
Two questions are raised in this case. First, where all the stock in a corporation is owned by a sole shareholder, does a preferred-stock dividend paid on such common stock constitute income yield within the meaning of Section 5701.10, Revised Code? Second, does a tax levy outside the ten-mill limitation on real and tangible personal property in a taxing district have the effect of increasing the tax on intangible personal property in such district beyond the constitutional ten-mill limitation?
The first question in relation to a preferred-stock dividend *333 paid on common stock brings us once again to a consideration of the meaning of “income yield” as defined by Section 5701.10, Revised Code, which reads in part as follows:
“As used in Title LYII of the Revised Code, ‘income yield’ means the aggregate amount paid as income by the obligor, trustee, or other source of payment to the owner or holder of an investment, whether including the taxpayer or not, during such year, and includes the following: * *
“(B) In case of shares of stock, the dividends so paid or distributed, other than distributions in liquidation and distributions by an investment company of a gain it realizes on the sale of real property or investments, whether such payment or distribution is in cash, notes, debentures, bonds, other property, or shares of stock, except stock of like kind of the corporation declaring the dividend * * (Emphasis added.)
We had precisely the same question before us in Cobourn v. Bowers, Tax Commr. (1962), 173 Ohio St., 4, as is raised in this case. The court, in holding such dividends as a measure of the tax, said in the syllabus:
“A distribution of a preferred-stock dividend on a share-for-share basis to the holders of common stock constitutes income yield within the meaning of the Ohio Intangible Tax Act.” However, appellant seeks to differentiate his position from the facts in the Cobourn case on the ground that he was the sole shareholder in the corporation, whereas the Cobourn case related to a group of shareholders.
The determination of what constitutes income yield on corporate shares must be derived from the provisions of Section 5701.10, Revised Code, prior to its amendment which became effective on September 10, 1963. Nowhere in this section is the number of shareholders made a factor in determining whether a distribution on corporate stock constitutes income yield to the shareholders; only the nature of the distribution is considered. Thus, whether there be one or many shareholders in a corporation, such matter is not a factor in determining whether any given distribution constitutes income yield, the resolution of such question being dependent on the nature of the distribution.
Appellant urges that the preferred-stock dividend distribution in no way changed his proportionate interest in the com *334 pany, and that prior to and after such distribution he was the sole owner of the company. This same basic argument was urged and considered in the Cobourn case. In disposing of this contention, it is stated in the opinion, at page 10:
“Thus, the corporation now has changed its capital structure by increasing its stated capital, removing funds from earned surplus which might have been available for dividend distribution and placing them in its capital account. The shareholders now in addition to their common stock have shares of preferred stock which they may sell on the market or retain and so increase their capital holdings. The shareholders now have stock which gives them a preference as to dividends and preferred rights on the ultimate liquidation of the corporation. Income is a matter of substance not of nomenclature. Clearly, both the corporation and the shareholders now have something that each did not have prior to this distribution of preferred stock, and in addition thereto the stockholder has lost something, i. e., the accrued earned surplus is no longer available for distribution as dividends.”
Therefore, the distribution of a preferred-stock dividend to the sole holder of the common stock of a corporation constitutes income yield within the meaning of the Ohio Intangible Tax Act.
This brings us to a consideration of the second question in this case. Does a tax levy outside the ten-mill limitation on real and tangible personal property in a taxing district have the effect of increasing the tax on intangible personal property in such district beyond the ten-mill tax limitation? Section 2, Article XII of the Ohio Constitution, provides that basically property taxed according to value shall not, in the absence of certain specified conditions, be taxed in excess of one per cent of its value. The pertinent part of this section reads as follows:
“No property, taxed according to value, shall be so taxed in excess of one per cent of its true value in money for all state and local purposes, but laws may be passed authorizing additional taxes to be levied outside of such limitation, either when approved by at least a majority of the electors of the taxing district voting on such proposition, or when provided for by the charter of a municipal corporation.”
*335 There is no question in the present case that a properly-enacted increased tax levy on real and tangible personal property was in effect in appellant’s taxing district, and that the tax levied as to the taxpayer as a result of the corporate dividend distribution exceeded the ten-mill limitation.
The question presently before us is whether the ten-mill limitation may be increased on intangible personal property by a levy outside such limitation on real and tangible personal property within the district.
A resolution of this question requires an examination of the constitutional provisions and the taxing statutes enacted pursuant thereto.
Under the constitutional provision, the ten-mill tax limitation is absolute unless certain conditions exist. This section provides for an increase over such limitation by the passage of laws authorizing taxes outside the limitation, but such laws must condition the levy of such tax either upon the approval of a majority of the electors in the taxing district or a provision in a municipal charter.
In order to levy such a tax beyond the constitutional tax limitation, two things must coincide. (1) The enactment of a law authorizing the tax district to levy such additional taxes, and (2) either an approval of the tax by the electors in the district or a provision in a municipal charter authorizing such levy.
Although here we are concerned with the constitutional tax limit and not with the power to tax, the two are inescapably bound together.
It is fundamental that before a tax limitation on any given class of property may be exceeded by a tax district, the district must have the power to tax such property in the first instance. If the district does not have the power to tax the property, it cannot by its act levy beyond the constitutional tax limitation thereon. The taxation of intangibles has been pre-empted by the state. Thus, the local tax district cannot levy a tax thereon.
Irrespective of a basic power to tax, however, only when specifically authorized by law may a taxing district levy taxes which exceed the ten-mill limitation. So far as local subdivisions are concerned, the tax-levy law (Chapter 5705, Revised Code) has confined the right to levy taxes outside the ten-mill limit *336 to real and tangible personal property. No such power exists as to intangibles, and, absent positive legislative authorization, a tax district may not levy taxes outside the constitutional limitation.
Therefore, the levy of a tax outside the constitutional ten-mill limitation on real and tangible personal property by a local taxing district is inapplicable to intangible property in such district.
In the present case, it is stipulated that the true value of the stock in money as of January 1, 1959, was $20.92 per share, or a total of $251,040 for the 12,000 shares. The tax being in excess of the constitutional limitation, the decision of the Board of Tax Appeals is modified, and it is ordered that the tax based upon the income yield of such stock be set at $2,510.40 as of January 1, 1959.

Decision modified and, as modified, affirmed.

Zimmerman, Matthias, O’Neill and Herbert, JJ., concur.
Taft, C. J., concurs in paragraph two of the syllabus and in the judgment.